# IN THE COURT OF APPEALS OF IOWA

No. 17-1306
Filed August 15, 2018

**IN RE THE DETENTION OF ERIC DEMPSEY,**

**ERIC DEMPSEY**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.


        Eric Dempsey appeals from the district court judgment finding him to be a sexually violent predator subject to civil commitment. **AFFIRMED.**


        Jill A. Eimermann of State Public Defender's Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Eric Dempsey appeals from the jury verdict finding him to be a sexually violent predator subject to civil commitment under Iowa Code chapter 229A (2015). Dempsey challenges the sufficiency of the evidence showing that he is a sexually violent predator. We conclude there is sufficient evidence and affirm.

As defined in chapter 229A, a sexually violent predator (SVP) is a person who has been convicted of or charged with a sexually violent offense and suffers from a mental abnormality that makes the person more likely than not to engage in predatory acts constituting sexually violent offenses if not confined in a secure facility. Iowa Code § 229A.2(5) (defining "likely to engage in predatory acts of sexual violence"), (12) (defining "sexually violent predator"). We review Dempsey's challenge to the sufficiency of the evidence for the correction of errors at law. *See In re Det. of Betsworth*, 711 N.W.2d 280, 286 (Iowa 2006). We will affirm the finding that Dempsey is a SVP if it is supported by substantial evidence. *See id.* In determining whether substantial evidence supports the finding, we consider the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may be fairly and reasonably deduced from the record. *See id.* Evidence that raises only suspicion, speculation, or conjecture is insufficient. *See id.*

At trial, Dr. Jeffrey Davis opined Dempsey meets the diagnostic criteria for a paraphilic disorder not otherwise specified (NOS), arousal to non-consenting partners; antisocial personality disorder; and three substance use disorders. Dr. Davis explained, "A paraphilia is a sexual deviation, essentially. It means recurrent or intense fantasies, urges or behaviors related to sexual behavior." Using the

Static-99R instrument and considering factors such as Dempsey's age, criminal history, history of relationships, and prior sex offenses, Dr. Davis scored Dempsey as a three. Dr. Davis explained "[o]ne to three is the average range on the Static-99R. He falls in the upper end of the average range as far as the number of the score." According to Dr. Davis, "offenders with a score of three are about 1.4 times more likely than the ordinary two score offender to recidivate."

Dr. Davis then used the SRA-FV instrument[1] to determine it was appropriate to use a high-risk/high-need table to quantify Dempsey's risk of recidivism. Among the high-risk/high-need group, in five years fourteen percent and in ten years just under twenty-three percent of offenders with a Static-99R score of three are detected, arrested, charged, or convicted of additional offenses. Dr. Davis ultimately opined that based on the static and dynamic factors in Dempsey's case, he is likely to commit future predatory acts of sexual violence if not confined for treatment.

Dempsey presented evidence from expert witness Dr. Christopher Fisher at trial. Dr. Fisher opined Dempsey does not suffer from a current mental abnormality and stated, "I don't think [Dempsey's] risk to reoffend rises to that more likely than not threshold." Dr. Fisher also scored Dempsey as a three using the Static-99R instrument, but found it was not appropriate to compare Dempsey to the high-risk/high-need table. Dr. Fisher explained he does not use the SRA-FV

---

[1] Dr. Davis stated the SRA-FV instrument measures three domains: sexual interests, relational style, and self-management. At a total score of 4.21, Dr. Davis determined Dempsey's dynamic factors were "quite dense," and use of the high-risk/high-need table was appropriate.

tool. Overall, Dr. Fisher found Dempsey was not more likely than not to commit future acts of predatory violence.

Dempsey contends there is insufficient evidence to establish he has a mental abnormality or that he is more likely than not to commit sexually violent offenses if not confined in a secure facility.[2] Specifically, Dempsey contends the State's expert testimony from Dr. Davis diagnosing Dempsey with a paraphilic disorder not otherwise specified (NOS) was not sufficient to meet the State's burden of proof that Dempsey is a SVP because a paraphilic disorder NOS is not a specific diagnosis under the American Psychiatric Association Diagnostic Statistical Manual (DSM).

Iowa Code section 229A.2(6) defines a mental abnormality as "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." "This definition places no limitation on the nature and condition that may qualify as a 'mental abnormality.'" *Betsworth*, 711 N.W.2d at 284; *see Barnes*, 689 N.W.2d at 458-59 (holding "the types of conditions that can serve to establish a 'mental abnormality' are not limited to certain recognized diagnoses"). "What is important is that the

---

[2] To establish Dempsey was a sexually violent predator, the State was required to prove: (1) he was "convicted of or charged with a sexually violent offense"; and (2) he "suffers from a mental abnormality which makes [him] likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(12); *see also In re Detention of Barnes*, 689 N.W.2d 455, 457 (Iowa 2004). There is no dispute with respect to the first element as Dempsey has been previously convicted of a sexually violent offense. *See* Iowa Code § 229A.2(12). Dempsey was first convicted of a sex offense—sexual abuse in the third degree—in May 2002. Dempsey was subsequently convicted of an additional sex offense—assault with intent to commit sexual abuse—which occurred in April 2008—approximately six months after his release from prison for his first conviction.

statute requires the condition to be congenital or acquired and to affect the emotional or volitional capacity of the person subject to commitment." *Barnes*, 689 N.W.2d at 458-59. Dr. Davis explained Dempsey's paraphilic disorder NOS, antisocial personality disorder, and substance use disorders constitute mental abnormalities. Dr. Davis also thoroughly explained to the jury the factors he considered in reaching the ultimate determination that without further treatment Dempsey is more likely than not to commit further predatory acts of violence.

Determining witness credibility and weighing evidence is the job of the factfinder. *See id.* at 461. In doing so, the jury was free to reject the testimony of Dr. Fisher and accept the testimony of Dr. Davis. *See In re Det. of Hennings*, 744 N.W.2d 333, 340 (Iowa 2008) (noting the jury was free to reject the testimony of Hennings's expert witnesses and instead to accept the testimony of the State's expert witness). The testimony of Dr. Davis provides sufficient evidence to support the jury verdict.

Our review of the record reveals sufficient evidence from which the jury could find beyond a reasonable doubt that Dempsey is likely to engage in predatory acts in the future. Finding no basis for reversal, we affirm.

**AFFIRMED.**